UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOUSTON BAPTIST UNIVERSITY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-3914 |
| | § | |
| ACE AMERICAN INSURANCE CO. | § | |
| AND YORK CLAIMS SERVICE, INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Pending before the court is defendants ACE American Insurance Co. ("ACE") and York Claims Service, Inc.'s ("York") motion to transfer venue. Dkt. 8. After considering the motion, response, reply, and the applicable law, the motion is DENIED for the reasons set forth below. Additionally, the parties' agreed motion to substitute York Claims Service, Inc. for defendant York Insurance Services Group, Inc. is GRANTED. Dkt. 14.

## I. BACKGROUND

 ACE issued a policy to plaintiff Houston Baptist University ("HBU") providing coverage for the period May 1, 2008 to May 1, 2009. The policy contained the following forum selection clause:

    N.     GOVERNING LAW AND JURISDICTION

The terms and conditions of this policy shall be interpreted and construed in an evenhanded fashion as between the parties. If the language of this policy is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant terms and conditions of this policy, without

    a.     regard to the authorship of the language,

    b.     presumption or arbitrary interpretation or construction in favor of either the Insured or the Company, or

c.    reference to the reasonable expectations of either the Insured or the Company.

Any dispute arising under this policy shall be exclusively subject to the jurisdiction of th federal and state courts located in the Commonwealth of Pennsylvania.

Dkt. 8, Ex. 1 at Ex. A.

HBU sustained severe damage during Hurricane Ike, which hit the Houston area on September 13, 2008.  Dkt. 16 at 4.  HBU submitted insurance claims to ACE, which assigned York to adjust and inspect the campus.  *Id.* at 5.  After HBU and ACE failed to reach agreement on the amount of damages ACE would cover, HBU filed suit against ACE and York in Texas state court on August 14, 2009.  Dkt. 8 at 1.  Defendants then removed the case to federal court on December 7, 2009.  Dkt. 1.  ACE and York now move this court to transfer the case to Pennsylvania in accordance with the forum selection clause contained in the policy.  Dkt. 8 at 3.

## II. ANALYSIS

Defendants ACE and York argue that the forum selection clause is presumptively valid and should be given controlling weight.  Dkt. 8 at 4, 9.  HBU, however, urges the court to consider the forum selection clause as one of several factors to be considered, albeit a significant one.  Dkt. 16 at 2.

## A.    The Law

The decision to transfer a pending case is within the sound discretion of the district court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988); *Robertson v. M/V Cape Hunter*, 979 F.Supp. 1105, 1106 (S.D. Tex. 1997).  In a diversity case, 28 U.S.C. § 1404(a) governs a motion to transfer venue.  *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996).  Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of

2

justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   Under this statute, the court "must make an 'individualized, case-by-case consideration of convenience and fairness.'"   *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988)).   The court's inquiry is two-prong.   First, the court must determine if the transferee court, as specified by the movant, is one in which the case originally could have been brought.   Second, the court must determine whether the convenience of the parties and witnesses and the interest of justice require that the case be transferred.   *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).   To do this, the court "'weigh[s] in the balance a number of case-specific factors,' of which the forum selection clause is 'a significant factor that figures centrally in the district court's calculus.'"   *Id.*   Consideration is also given to "'the convenience of the witnesses and those public-interest factors of systemic integrity and fairness under the heading of 'the interest of justice.' ' "   *Id.*; *see also In re Volkswagen of Am.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") (adopting private and public interest factors in analyzing motions under § 1404(a)).   The burden rests with the movant to demonstrate that transfer is proper.   *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

**B.**      **Forum Selection Clause and Burden of Proof**

The parties agree that this case could have been brought in Pennsylvania.   *See* Dkts. 8 at 8, 16 at 7.   Additionally, plaintiffs do not argue that the forum selection clause in the insurance policy is somehow invalid.   Rather, the parties are in disagreement about two issues that affect the balancing test:  how much weight the court should give the forum selection clause and who bears the burden of proof.

Relying on the concurring opinion of Justices Kennedy and O'Connor in *Stewart Organization, Inc. v. Ricoh Corp.*, defendants urge the court to consider the forum selection clause

3

as dispositive; giving it controlling weight in the analysis. *See* Dkt. 8 at 9. Furthermore, defendants ask the court to shift the burden to the plaintiffs (non-movants) to show that enforcement of the forum selection clause would be unreasonable. *Id.* HBU, on the other hand, asks the court to undertake an analysis utilizing the private and public factors adopted in *Volkswagen II*, giving the forum selection clause significant, but not controlling, weight in the analysis. Additionally, it asks the court to keep the burden on the movants to demonstrate to the court that it should, in its sound discretion, transfer the case. Dkt. 16 at 2.

The court agrees with HBU. Justices Kennedy and O'Connor's concurring opinion is in conflict with the majority opinion in *Stewart Org.*, which accords the forum selection clause significant, but not controlling, weight. *See Stewart Org.*, 487 U.S. at 29. Additionally, the Fifth Circuit has not decided that the burden shifts to the non-moving party when a motion to transfer venue is made on the basis of a forum selection clause.[1] This court, therefore, is bound to follow established Fifth Circuit precedent and place the burden on the moving party in a motion to transfer venue under § 1404 (a). *See Peteet*, 868 F.2d at 1436; *TGI Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 750, 761 (2009).

## C.    Balancing the Private and Public Factors

In making the determination whether to transfer venue to Pennsylvania, the court must consider both private and public factors, including the significance of the forum selection clause. Private factors to be considered include: (1) the availability and convenience of witnesses and parties; (2) trial expenses; (3) the location of books and records; (4) the place of the alleged wrong;

---

[1]The court acknowledges that at least one other circuit court, and even some district courts within the Fifth Circuit, have held that the burden shifts to the nonmovant to show that enforcement of the forum selection clause would be unreasonable. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3rd Cir. 1995); *Park Place LX of Tex., Ltd. v. Market Scan Info. Sys., Inc.*, No. 3:04-CV-0105-H, 2004 WL 524944, at *2 (N.D. Tex. Mar. 17, 2004).

(5) the plaintiff's choice of forum; (6) the possibility of delay and prejudice if transfer is granted; and (7) the location of counsel.  *See Lebouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1059 (S.D. Tex. 1998). The public interest factors address broader objectives, such as the fair and efficient administration of the judicial system and the degree of local interest in the matter.  *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).  The court must determine whether the balance of the public and private interest factors "strongly outweighs the plaintiff's choice of forum" such that transfer is appropriate.  *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 2002).

In the present case, the balance of private and public factors favor keeping this case rather than transferring it to Pennsylvania.  Everything related to this case—the witnesses (party witnesses and non-party witnesses), experts, documents, physical evidence, and the damaged building itself—are all located in Houston.  Not withstanding the fact that two sophisticated parties agreed to a  forum selection clause when they entered into the insurance contract, at the heart of this matter is a Houston university that sustained damage from a hurricane that devastated Harris County and the surrounding area of Texas, and claims governed by Texas insurance law.  The city of Houston and the State of Texas have a strong interest in this case; Pennsylvania has none.

The court, therefore, finds that the defendants Ace and York have not met their burden to demonstrate that transfer to Pennsylvania is warranted in this case.

### III. CONCLUSION

For the reasons set forth above, defendants Ace and York's motion to transfer venue is DENIED.   Additionally, the parties' agreed motion to substitute York Claims Service, Inc. for defendant York Insurance Services Group, Inc. is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on January 26, 2010.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY